CASE 13—PETITION ORDINARY—MARCH 19.

# Munford v. Carpenter.

### APPEAL FROM HART CIRCUIT COURT.

LOCATION OF LAND UNDER PATENTS.—The law does not devolve on the patentee the burden of proving that the land embraced in his patent, or some part of it, was vacant.

When the location of a disputed corner is to be arrived at alone by directions of the court from facts admitted or proved without contradiction, there is nothing to submit to the jury.

Where the patents all call for the same ideal point, if there be no evidence of an actual location at some other point at the time of making the original surveys, the court must decide as matter of law that they do corner together; and if, assuming this to be true, there can not have been any vacant land between them, there is nothing to submit to the jury.

LEWIS & BOLES, ⎫
LESLIE & BOTTS, ⎭ . . . . . . . . For Appellant,

CITED

Littell's S. C. 281, Madison v. Owen.
4 Dana, 501, Cain v. Flynn.

J. W. EDWARDS, ⎫
                ⎬  . . . . . . . .    For Appellee,
JOHN DONAN,    ⎭

CITED

Pr. Dec. 108–112, 382.

4 Mon. 30, Thornberry v. Churchill.

4 Bibb, 330, Bledsoe v. Wells.

4 J. J. Mar. 339.          4 Dana, 501.

1 Mar. 383, 470.          Hardin, 369.

2 Littell, 160.          7 Mon. 333.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The patent to Monroe, Madison & Starling was issued in 1820, that to the seminary for eight hundred and fifty acres in 1821, and that to Bush & Thompson in 1826.

The patent to the seminary land calls to corner with Monroe, Madison & Starling at two post-oaks and a hickory, and to run with their line N. 38, E. 80 poles to their corner, a stake. It results therefore that, no matter where these corners are located, they are common to both surveys. The patent to Bush & Thompson calls to run S. 55, E. 320 poles to the corner of a seminary survey, and the corner here called for is the corner of that survey and of Monroe, Madison & Starling at the end of the line, N. 38, E. 80 poles, for there is no other corner of a seminary survey any where in that vicinity. Bush & Thompson must corner with the seminary land, and the seminary land must corner with Monroe, Madison & Starling, for the patents so call. It is therefore immaterial where that corner is located. If it is located at B, then as the seminary patent calls for their corner, that becomes the corner of the seminary land, and the call of Bush & Thompson is for that point, and they must go to it. And if the corner of Monroe, Madison & Starling be located at 2, the result would be the same. Wherever their corner is there must be the corner of the seminary land, and where that is must be the corner of Bush & Thompson.

It results therefore that, conceding I to be a corner to

Bush & Thompson, and M to be the true corner of Harper, if any one of the points claimed as corners of Monroe, Madison & Starling be the true corner of that survey, it is certain, as matter of law, that there was no land where the appellant's patent was located which is not covered by an elder patent. That the patent to Monroe, Madison & Starling is, in part at least, correctly located is not disputed, and there was therefore no question of fact about which there was any conflict of evidence, and the court might have properly instructed the jury to find for the defendants; and it is not necessary that we should consider the instructions of the court, which, even though erroneous, were not prejudicial to the appellant. Nor can he have been prejudiced by the improper admission to the jury of the opinions of witnesses as to whether there was any vacant land where his patent was located.

If there had been any evidence tending to prove that the lines or corners of the surveys, or any of them, were actually located at places different from those called for in the patent, such evidence might have established the fact that although the seminary patent called for Monroe, Madison & Starling, and Bush & Thompson called for the corner of the seminary land, they did not all corner at the same point, and their location would then have been a question of fact for the jury. But in the absence of all such evidence, and with some of the corners of each survey established by uncontradicted evidence and virtually conceded by both parties, the question whether there was at the time appellant made his survey any vacant and unappropriated land between these two patents was a question of law which should have been decided by the court.

The law does not devolve upon the patentee the burden of proving that the land embraced by his patent, or some part of it, was vacant; but when, as in this case, patents are produced, and so far located by uncontroverted facts as to show that unless their location as respects the land covered by the

junior patent is controlled by an actual location at the time of the original survey different from the location the law would make, and there is no evidence of such different actual location, the solution of the question is for the court, and not the jury.

In other words, when the location of a disputed corner is to be arrived at alone by directions of the court, from facts admitted or proved without contradiction, there is nothing to submit to the jury; as where the patents all call for the same ideal point, as in this case, if there be no evidence of an actual location at some other point at the time of making the original surveys, the court must decide as matter of law that they do corner together; and if, assuming this to be true, there can not have been any vacant land between them, there is nothing to submit to the jury.

The court ought to have decided, as matter of law, that the patents to Monroe, Madison & Starling, to the seminary, and to Bush & Thompson all cornered together; and this being done, it is true to a mathematical certainty that the land covered by appellant's patent was covered by one or the other of the elder patents, or in part by each.

The rights of the appellant were not, therefore, prejudiced by the instructions given.

Wherefore the judgment is affirmed.